Whalen v. The State of Ohio.

*Intoxicating liquors—Prejudice against justice of peace— Affidavit of prejudice or change of venue not authorized— Defendant's statements to police prosecutor not privileged. as confidential, when—Venue of offense in county of trial, established by record.*

1. In prosecution before justice of peace for selling liquor, application for change of venue, based on prejudice against justice of peace, *held* not tenable; there being no law authorizing filing affidavit of prejudice against justice of peace.

2. In prosecution before justice of peace for selling liquor,. statements by defendant to attorney who was police· prosecutor, made after defendant was informed that. attorney was prosecuting case and could not represent defendant, and not made for purpose of employing prosecutor as defendant's attorney, were not inadmissible as confidential communication between attorney and client.

3. In prosecution before justice of peace for selling liquor, inferences from record showing defendant's premises were on certain street, and that justice court was held in particular county, was sufficient to show venue of offense in

county of trial, though there was no direct testimony that defendant's premises were in county of trial.

(Decided May 2, 1927.)

Error: Court of Appeals for Cuyahoga county.

*Mr. G. A. Hurley,* for plaintiff in error.
*Mr. F. A. Irvine,* for defendant in error.

Vickery, J. This action comes into this court on a petition in error to the common pleas court of Cuyahoga county, in which court a judgment of conviction was affirmed, and it is to reverse that judgment of affirmation of conviction that the error is prosecuted here.

It seems from the record in this case that the plaintiff in error was engaged in the selling of liquor in violation of law in the Superior Building, at No. 303, Cleveland, Ohio. A search warrant had been sworn out describing the building in which this contraband of law was, and the plaintiff in error was named as the defendant in that writ.

This warrant was sworn out in the court of John Rutledge, justice of the peace for Rockport township, Cuyahoga county, and, in pursuance therewith, two or three officers went to No. 303 in the Superior Building, and, gaining entrance to the outer office, made a search, but found nothing. They told the man in charge, who happened to be Whalen, that they had a search warrant, and discovered a door locked, leading to another room. He claimed he had nothing to do with that room, and that the man who owned and controlled the place was not present. One of the officers went to the man in charge of the building for the purpose of procuring a key for the purpose of entering this

extra room, and a key not being obtained, the officers proceeded to take the door off, so as to enter the room, whereupon the plaintiff in error, defendant below, took a key from his key ring, and gave it to the officers, who then entered the room, wherein they found two bottles of whisky and nine glasses on a stand or desk in that room. The arrest followed.

At the hearing at the office of Justice Rutledge of Rockport township, Cuyahoga county, these facts were introduced by the officers to show how they got this liquor. The bottles were introduced in evidence, and an analysis by chemists was produced, which showed it to be intoxicating liquor containing a large percentage of alcohol. Upon the conclusion of all the testimony of the state, the plaintiff in error not deigning to go upon the witness stand and deny any of the accusations against him, the justice found him guilty, made some caustic remarks about it being the worst case that had come under his observation, and fined him $1,000, the maximum for the first offense, but it seems from the evidence in the case that Whalen, under the name of Tucker, had been fined $200 before, but inasmuch as that was not in the record, the court treated this as a first offense, and found accordingly.

Several errors are urged why this judgment of conviction was unwarranted and should be reversed. The first was that the attorney for the plaintiff in error seemed, either justly or otherwise, to have a grievance against Justice Rutledge, and filed an affidavit for change of venue. Unfortunately for his contention, the statute fixes the cases in which justices of the peace are not competent to sit, and for what reasons a change of venue may be had,

and the reasons urged in the affidavit are not among those mentioned by the statute. We know of no law which authorizes the filing of an affidavit of prejudice against the justice of the peace. There is no way of hearing such a question of prejudice provided for by our law, and therefore we do not think that this objection is tenable.

The next error complained of was the admission of the evidence of Irvine. Irvine seems to be the police prosecutor for Justice Rutledge's court, and, I believe, is the son-in-law of Justice Rutledge. Now, after the plaintiff in error had been arrested, he, with full knowledge that Irvine was the prosecutor for the justice court, voluntarily went to the office of Irvine "to see what could be done," to put it in his own words. Irvine told him that nothing could be done, and apparently he and the plaintiff in error had a long talk, in which plaintiff in error unbosomed himself and made some statements which were incriminating both as to the present case and as to the former conviction. At the trial of this action before Justice Rutledge, Irvine was sworn as a witness, and testified to these conferences. Objection was made on the ground that they were made to a lawyer, and they were confidential. It must be remembered that plaintiff in error knew that Irvine was the attorney prosecuting these cases for Justice Rutledge, and in no sense did plaintiff in error go there for the purpose of employing Irvine to represent him. Irvine told him plainly that he could not represent him, that he was representing the other side, and, if after that, plaintiff in error unbosomed himself to Irvine, the relation of lawyer and client was not so surely fixed as to prevent Irvine from testifying.

So, taking the whole record, we do not see that there is any error in this particular.

There is one more error alleged, and that is more serious than either of the others, and that is that the record does not show in proof the venue, and it is claimed that that is important. It is true that the record does not show in so many words that a witness testified that the Superior Building, No. 303, was in Cuyahoga county, but there is evidence to show that it was on Superior street, and evidence to show that Justice Rutledge holds court in Rockport township of Cuyahoga county. The search warrant, which is part of the record in this case, alleges that this place where this liquor was being kept was in the Superior Building, No. 303, in the city of Cleveland, Cuyahoga county, Ohio. It seems to have been taken for granted that everybody knew that 303 Superior Building was in Cuyahoga county, in the city of Cleveland, and thus I say the record does not show that any witness answered the question or stated that 303 Superior Building was in Cuyahoga county; but on the question of venue we think that the inferences flowing from the record are sufficient to satisfy the law upon that question.

When one reads this whole record, one can come to no other conclusion than that the plaintiff in error was guilty of the offense charged in the information for search warrant, and in the search warrant itself, and that the record, without any equivocation or doubt, shows that the whole transaction was within Cuyahoga county.

*Judgment affirmed.*

SULLIVAN, P. J., concurs.
LEVINE, J., dissents.